IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| KEVIN McBRIDE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: |
| | ) | 04-03307-CV-S-REL |
| CHRISTIAN COUNTY, MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING DEFENDANT CHRISTIAN COUNTY MISSOURI'S MOTION FOR SUMMARY JUDGMENT ON SOVEREIGN IMMUNITY

Before the court is Defendant Christian County, Missouri's supplemental suggestions in support of its motion for summary judgment. Defendant argues it is shielded from liability on Plaintiff's battery claim by sovereign immunity. In response, Plaintiff contends that Defendant waived sovereign immunity by purchasing a liability insurance policy. I find that purchase of the policy did not waive sovereign immunity. Therefore, Defendant's motion for summary judgment will be granted.

### I. BACKGROUND

On March 8, 2006, I ordered the parties to submit additional briefing on whether Defendant was entitled to summary judgment on Plaintiff's battery claim based on sovereign immunity. On March 14, 2006, Defendant filed supplemental suggestion in support of its motion for summary judgment (Doc. # 85). Plaintiff responded with suggestions in opposition on March 31, 2006 (Doc. # 86). On April 3, 2006, Defendant

filed reply suggestions (Doc. # 87).  Defendant's insurance policy was provided to the court on April 5, 2006 (Doc. # 88).

## II.     *SOVEREIGN IMMUNITY*

Under Missouri law, public entities are generally shielded from liability for common law tort claims by sovereign immunity.  See Mo. Rev. Stat. § 537.600.  Three statutory exceptions exist to sovereign immunity, and these exceptions must be construed narrowly.   Hummel v. St. Charles City R-3 Sch. Dist., 114 S.W.3d 282, 284 (Mo. App. 2003).  The legislature has expressly waived immunity for injuries arising out of the negligent operation of motor vehicles by public employees and the dangerous condition of a public entity's property.  Mo. Rev. Stat. § 537.600.1.  Waiver can also result when a public entity purchases an insurance policy covering tort claims.  Mo. Rev. Stat. § 537.610.1; see also Amick v. Pattonville-Bridgeton Terrace Fire Prot. Dist., 91 S.W.3d 603, 604 (Mo. banc 2002).

Unlike a waiver arising from the negligent operation of motor vehicles and the dangerous condition of property, a public entity's waiver by the purchase of an insurance policy is not absolute.  See Mo. Rev. Stat. § 537.600.2.  To effectively waive sovereign immunity, the policy must cover the specific acts complained of by the plaintiff.  See Mo. Rev. Stat. § 537.610.1; see also State *ex rel*. Bd. of Tr. of City of North Kansas City Mem'l Hosp. v. Russell, 843 S.W.2d 353, 360 (Mo. banc 1992); State *ex rel*. Cass Med. Ctr. v. Mason, 796 S.W.2d 621, 623 (Mo. banc 1990).  Even in such instances, however,

sovereign immunity remains intact if the policy contains an endorsement stating that purchase of the policy does not waive sovereign immunity. Amick, 91 S.W.3d at 605.

In holding that an appropriate endorsement would preserve sovereign immunity, the Missouri Supreme Court in Amick discussed the endorsement at issue in State *ex rel*. Ripley County v. Garrett, 18 S.W.3d 504, 504-08 (Mo. App. 2000). Id. There, Ripley County's endorsement read:

> The purpose of this insurance does not include coverage for any liability or suit for damages which is barred by the doctrines of sovereign or governmental immunity by whatever name, as set forth in RS MO 537.600. et seq;
>
> This policy is not intended to act as a waiver, nor is it a waiver of any defense . . . available to the Insured by statute or at common law.

Id. The Amick Court stated, "The court of appeals correctly determined that this endorsement preserved sovereign immunity under section 537.610.1." Id.

In this case, Plaintiff's claim involves neither the negligent operation of motor vehicles nor a dangerous condition of property. Any waiver must therefore be based on the insurance policy exception. Defendant Christian County did, in fact, purchase general liability coverage through Savers Property & Casualty Insurance Company. Although the policy appears to cover claims of battery, it also contains the following endorsement:

> This insurance does not include coverage for any liability or suit for damages which is barred by the doctrines of sovereign, governmental immunity, as set forth in RS MO 537.600. *et. Seq*
>
> This policy is not intended to act as, nor is it a waiver, or any defense or limitation damages which is available to an Insured by statute or at common-law.

3

This language is nearly identical to that discussed in <u>Amick</u>, and thus operates to preserve sovereign immunity under Section 537.610.1. As a result, Defendant did not waive sovereign immunity with respect to Plaintiff's battery claim and is entitled to summary judgment on this issue.

### III. CONCLUSION

Therefore, it is

ORDERED that Defendant Christian County's motion for summary judgment is granted.

                                             */s/ Robert E. Larsen*
                                             ROBERT E. LARSEN
                                             United States Magistrate Judge

Kansas City, Missouri
April 5, 2006

4

Case 6:04-cv-03307-REL   Document 89   Filed 04/05/06   Page 4 of 4